```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF ALABAMA
                        SOUTHERN DIVISION
```

```
JAMES R. DRIGGERS,                  *
                                    *
     Plaintiff,                     *
                                    *
vs.                                 *   CIVIL ACTION NO. 19-00850-JB-B
                                    *
CALIBER HOMES LOANS, INC.,          *
et al.,                             *
                                    *
     Defendants.                    *
```

**RULE 16(b) SCHEDULING ORDER**

This action is before the Court on the parties' Rule 26(f) report. (Doc. 27). A scheduling conference was conducted on January 17, 2020.[1] (Doc. 30). Conference participants included counsel for all parties. Based on the representations of counsel and a review of the parties' reports and pleadings, the following scheduling order is entered pursuant to Fed. R. Civ. P. 16(b):

    1.   FINAL PRETRIAL CONFERENCE. This action is set for a final pretrial conference before U.S. District Judge Jeffrey U. Berverstock on **January 12, 2021, at 2:30 p.m. This is a firm setting, and the parties are expected to be ready for trial on that date.**

**A COPY OF THE DISTRICT JUDGE'S SPECIAL REQUIREMENTS FOR FINAL PRETRIAL CONFERENCES IS ATTACHED. NO ADDITIONAL NOTICE REGARDING THE FINAL PRETRIAL CONFERENCE WILL BE GIVEN.**

    2.   TRIAL. This action is set for jury selection on **February 2, 2021** at **8:45 a.m.,** and for trial sometime during **February 2021**, the specific date to be set once the total number of actions going

---

[1] A follow-up conference was conducted on February 27, 2020, with the parties and their counsel in attendance. (Doc. 39).

to trial that month is determined.  The parties estimate that the trial of this action will take **three (3) to four (4)** days.

3. DISCOVERY COMPLETION.  All discovery is to be completed on or before **July 31, 2020. Requests for extension will be viewed with great disfavor and will not be considered except upon a showing (1) that extraordinary circumstances require it and (2) that the parties have diligently pursued discovery.**

For all actions, "completed" means that all interrogatories, requests for admissions, and requests for production have been filed and responded to; physical inspections and testing concluded; physical and mental examinations concluded; experts' reports exchanged; all depositions, including experts' depositions, taken; and motions to compel filed.

4. INITIAL DISCLOSURES.  To the extent the initial disclosures have not been made, the parties are **ORDERED** to tender said disclosures not later than **March 13, 2020.**

5. AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES.  Any motion by Plaintiff for leave to amend the pleadings or to join other parties must be filed by **April 10, 2020.**  Any motion by Defendants for leave to amend the pleadings or to join other parties must be filed by **May 11, 2020.**

6. EXPERT TESTIMONY.  The disclosure of expert testimony as required by Fed. R. Civ. P. 26(a)(2) is to be made by Plaintiff on or before **May 11, 2020.**  The disclosure of expert testimony as required by Fed. R. Civ. P. 26(a)(2) is to be made by Defendants on or before **June 11, 2020.**

Any expert rebuttal evidence authorized by Rule 26(a)(2)(c) shall be made within thirty (30) days after the disclosure made by the other party. An expert's deposition, if taken, must be noticed and completed within thirty (30) days of the date on which the expert's report is disclosed.

**All challenges to expert witnesses, including Daubert motions, must be filed not later than two weeks prior to the Final Pretrial Conference.**

7. SUPPLEMENTATION.  Supplementation of disclosures and responses as required by Fed. R. Civ. P. 26(e) is to be accomplished "at appropriate intervals" and "seasonably."

8. PRETRIAL DISCLOSURES.  The disclosure of information

regarding the evidence that each party may present at trial as required by Fed. R. Civ. P. 26(a)(3) is to be made on or before **January 5, 2021.**

    9.    <u>DISCOVERY LIMITS</u>.  Discovery is limited as follows:

    a.    Not more than **thirty-five (35)** interrogatories, including all discrete subparts, may be served by Plaintiff, and not more than **thirty-five (35)** interrogatories, including all discrete subparts, may be served by Defendants.  Responses are due within **thirty (30)** days of service.

    b.    Not more than **three (3)** depositions may be taken by Plaintiff, and not more than **three (3)** depositions may be taken by Defendants, unless extended by agreement of the parties.  Each deposition is limited to a maximum of **six (6)** hours, unless extended by agreement of the parties.

    c.    Not more than **thirty (30)** requests for admissions, including all discrete subparts, may be served by each party, absent leave of Court.  Responses are due within **thirty (30)** days of service.

    d.    Not more than **thirty (30)** requests for production of documents, including all discrete subparts, may be served by each party, absent leave of Court.  Responses are due within **thirty (30)** days of service.  Subpoenas duces tecum to a party ordering such party to produce documents or things at trial shall not be used to circumvent the limitations placed on discovery.

    In applying these limits, all parties represented by the same counsel will be treated as a single party.

    10.    <u>DISCOVERY DISPUTES</u>.  Before filing a motion related to a discovery dispute, the parties shall follow the procedure set forth below:

    a.    Counsel for the parties shall confer pursuant to Fed. R. Civ. P. 37.  Such conferral shall occur promptly after counsel becomes aware of the dispute.  Failure to confer within a reasonable period of time after learning of the dispute may be deemed by the Court to constitute a waiver.  The Court will not consider counsel to have conferred unless counsel have had at least **<u>one</u>** telephone call addressing the dispute, in addition to any written exchanges concerning the dispute.

   b. If counsel cannot resolve the dispute through conferral, then counsel for the party first raising the dispute shall contact Magistrate Judge Bivins' chambers, inform her chambers of the dispute, and request that a telephone conference call be scheduled to bring the issue to the Court's attention. The Court will contact counsel for all concerned parties to schedule the conference call, which will generally be set within twenty-four (24) hours of the Court receiving notice of the dispute.

   c. When possible, the Court will resolve the dispute during the telephone call without written submissions by the parties.

   d. If, after hearing the positions of the parties concerning the discovery dispute, the Court deems it necessary that a written motion and response be filed, the Court will give the parties permission to do so and set deadlines for said filings.

   e. The Court will strike any discovery motion filed **before** the procedure outlined above has been followed.

   f. The parties **may not** raise a discovery dispute with the Court after the relevant discovery deadline has passed; all discovery disputes must be brought to the Court's attention before the relevant discovery deadline passes. Any discovery disputes raised with the Court *after* the expiration of the relevant discovery deadline shall be deemed waived by the Court, even if the parties agreed to conduct discovery after the relevant discovery deadline has passed.

   g. If a discovery motion is authorized, any such motion shall quote <u>in full</u> (1) each interrogatory, request for admission, or request for production to which the motion is addressed, <u>or</u> otherwise identify specifically and succinctly the discovery to which objection is taken or from which a protective order is sought, and (2) the response or the objection and grounds therefore, if any, as stated by the opposing party. Unless otherwise ordered by the Court, the complete transcripts or discovery papers are <u>not</u> to be filed with the Court unless the motion cannot be fairly decided without reference to the complete original.

   h. <u>Privilege or Protection of Trial Preparation Materials</u>. The provisions of Fed. R. Civ. P. 26(b)(3) will be strictly enforced in those rare situations in which privilege or work product protection is invoked. Rule 26(b)(3) information

4

shall be disclosed in a "privilege log" served with the objections to production. The "privilege log" shall, at a minimum, contain the facts suggested in paragraph K (pages 8-11) of the <u>Introduction to Civil Discovery Practice in the Southern District of Alabama</u>, Civil Discovery Committee (1998) (distributed by the Clerk with the Local Rules).

    11.  <u>DISPOSITIVE MOTIONS</u>. Motions for summary judgment and any other dispositive motions, especially those that require little or no discovery, are to be filed as soon as possible but in no event later than **August 21, 2020**. Neither the final pretrial conference nor the trial of this action will be delayed pending a ruling on such motions. **In submitting exhibits, the parties are reminded of S.D. Ala. CivLR 5(a), which provides that "[i]f discovery materials are germane to any motion or response, only the relevant portions of the material shall be filed with the motion or response."**

    12.  <u>SETTLEMENT</u>. This action is hereby set for a pre-settlement conference before the undersigned Magistrate Judge via telephone on **August 7, 2020** at **9:00 a.m.** Counsel for the parties shall be prepared to discuss steps undertaken to settle the case, including the exchange of reasonable settlement offers.

    13.  <u>BRIEFS; LETTERS; COURTESY AND DUPLICATE COPIES; FAXING OF DOCUMENTS</u>. Unless prior permission of the Court is given:

    a.  A brief filed in support of or in opposition to any motion shall not exceed thirty (30) pages in length, and a reply brief by movant shall not exceed fifteen (15) pages in length. Attachments to the brief do not count toward the page limitation. <u>See</u> S.D. Ala. CivLR 7(e).

    b.  An application to the Court for an order shall be by motion, not by letter. <u>See</u> Fed. R. Civ. P. 7(b); S.D. Ala. GenLR 7. Any objection or response to a motion or to any other matter is to be done in a properly-styled and captioned paper, not by letter. <u>See</u> S.D. Ala. GenLR 5(a).

    c.  **Except as otherwise provided herein**, courtesy copies of pleadings, motions, or other papers filed in the action are not to be provided to the Judge or the Judge's chambers. A copy of a pleading, motion, or other paper that has been previously filed in the action is not to be attached to a subsequently filed pleading, motion, or other paper; it may be adopted by reference. **If a party's exhibits in support of or in opposition to a motion exceed fifty (50) pages in the aggregate, then that party must**

5

**deliver a courtesy hard copy of those exhibits to the Judge's chambers by mail or hand delivery.  See S.D. Ala. CivLR 7(g).**

d.   Papers transmitted to the Court by facsimile will not be accepted for filing.  A copy of this Court's policy regarding the faxing of documents may be obtained from the Clerk of Court.

14. LOCAL RULES.  The Local Rules of this district contain important requirements concerning commencement of discovery, motions to dismiss and for summary judgment, class actions, and other matters.  They are reprinted in ALABAMA RULES OF COURT (West Publishing Co.) and ALABAMA RULES ANNOTATED (The Michie Company), and are posted on the Court's website, **http://www.alsd.uscourts.gov**.  Since they are amended from time to time, the most current version may be the version posted by the Clerk of Court.

15. OTHER. Counsel for the parties are directed to confer regarding a confidentiality agreement for the safeguarding of confidential documents exchanged during discovery, and are to file with the Court, no later than **March 13, 2020,** a joint proposed protective order.

**DONE** this **4th** day of **March, 2020.**

/s/ SONJA F. BIVINS
**UNITED STATES MAGISTRATE JUDGE**