IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES R. DRIGGERS,<br><br>    PLAINTIFF,<br><br>VS.<br><br>CALIBER HOME LOANS, INC., FAY SERVICING, LLC., and CITIBANK N.A. AS TRUSTEE FOR CMLTI ASSET TRUST,<br><br>    DEFENDANTS. | Case No.: 1:19-CV-00850-JB-B |

**PLAINTIFF'S MOTION AND BRIEF IN SUPPORT OF
MOTION FOR PARTIAL SUMMARY JUDGMENT**

**INTRODUCTION**

Plaintiff filed his Complaint and Demand for Jury Trial alleging, among other things, that Defendant, Fay servicing LLC ("Fay"), acting on behalf Citibank N.A. As Trustee For CMLTI Asset Trust ("Citibank"), violated the Fair Debt Collection Practices Act and other consumer protection statutes. Mr. Drigger's Complaint was amended on December 9, 2019, to name defendant Citibank correctly. Both defendants have filed answers denying they are liable to the plaintiff in any way and have asserted affirmative defenses.[1] The parties have exchanged documents, answered written discovery, and taken deposition testimony.

Plaintiff files this Motion for Partial Summary Judgment regarding Fay's liability for wrongful collection and harassment and submits this Brief in support thereof. This Motion is due to be granted for all the reasons below.

---

[1] Plaintiff has dismissed his claims against the defendant Caliber.

## ARGUMENT

### I. Summary Judgment Standard

The entry of Summary Judgment is appropriate where there no material issues of fact. *Anderson v. Liberty Lobby, Inc.*, 477 US 242, 247–248, (1986).  Only disputes over facts that might affect the outcome of the case will defeat Summary Judgment.  *Id.* at 248, 106 S. Ct. at 2510. A factual dispute is genuine if a "reasonable jury could return a verdict for the non-moving party." *Id.*  Although all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the non-moving party, once the movant has met its burden of demonstrating the absence of a genuine issue of material fact, the party opposing Summary Judgment "must do more than simply show that there is some metaphysical doubt as to the material facts" to prevent its entry.  *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 US 547, 586–587, (1986).  It is not sufficient for the party opposing Summary Judgment to provide a scintilla of evidence supporting its case. *Anderson v. Liberty Lobby, Inc.*, *supra*, 477 US at 2512.

In  *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168 (11th Cir. 1985), the 11th Circuit applied the "least sophisticated consumer standard" to the FDCPA saying, "we adopt the *Exposition Press* standard of "least sophisticated consumer" as previously followed by the Federal Courts in *Baker, supra,* and *Bingham*[.]" *Id.* At 1175.  There is no dispute of facts regarding the actions of Fay. Therefore, partial Summary Judgment is appropriate for any violations of the Fair Debt Collection Practices Act arising from Fay's actions.

### II. Plaintiff Purchased a Home and Incurred a Mortgage Debt.

Mr. Driggers purchased the home he currently resides in on April 13, 2007. He borrowed the money to buy the house from Beneficial Alabama Inc., who initially serviced his loan (**Ex. 1**).

Servicing of the Mortgage Loan was transferred to Caliber on or about June 1, 2015, (**Ex. 2**) and then to Fay on or about November 1, 2018 (**Ex. 3**). It is undisputed that Fay considered the loan to be in default because when it assumed servicing it sent him a statement attempting to collect "overdue" payments of $604.08. (**Ex. 4**). In doing this Fay was attempting to collect money that was not owed because Mr. Diggers was current on his payments. Some history in in order to explain we got here and is briefly set out below.

### III.     Caliber Offers Driggers Loan Modification

In early 2018, Caliber offered Mr. Driggers a loan modification which he accepted (**Ex 5).** The modification cured any default and lowered the payment and interest rate on the loan. The Modified payment called for monthly principal and interest payment of $463.08 making the total monthly payment $604.08 including escrow insurance on the property (**Ex 5 at p 2**).[2] Driggers made all the modified payments in a timely fashion until servicing of his loan was transferred to Fay on November 1, 2018. See **Ex. 6 at the bottom of Page 2.  See also Ex. 7 at p 2. and Ex 8** p **2.**

### IV.     Fay Assumes Servicing Does Not Properly Credit Driggers For His October 2018 Payment And Starts Collecting Escrow For Property Taxes.

Servicing was transferred to Fay on or about November 1 of 2018 (**Ex. 3).** From the very beginning, Fay claimed that Driggers was in default and behind on his mortgage payments. The first statement Fay sent Mr. Driggers (**Ex. 4 at p 1)** claimed that he was in default on his payments and sent him a statement for two payments. This further explained near the bottom of the second page of Ex. 4 in the section entitled "Activity since your last payment." This section clearly indicates that Fay was claiming that Mr. Driggers had not made the prior month's payment.

---

[2] At all relevant times Mr. Driggers was exempt from paying property taxes.

In addition, Driggers' October 9, 2018 statement from the prior servicer, Caliber **(Ex. Eleven)** with a payment due date of indicated Mr. Driggers was current at that time. His bank **Statement (Ex. 7)** also shows that the last payment to Caliber was made on October 10, 2018. So, it is apparent that Fay considered Driggers' account to be in default. Moreover, Fay was attempting to collect a payment that had already been made.

V.   **Application of the Fair Debt Collection Practices Act.**

The Fair Debt Collection Practices Act (FDCPA) applies here because under the undisputed facts, Fay is a debt collector as defined by the Act.

The FDCPA at 15 USC § 1692a(5) defines the word "debt" as follows:

> The term "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

Money owed under a promissory note which is secured by the debtor's home is a debt within the meaning of the FDCPA. See *Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1217 (11th Cir. 2012). "In order to establish a violation of the FDCPA, a plaintiff must demonstrate three elements: (1) he has been the object of collection activity arising from a consumer debt; (2) the defendant attempting to collect the debt qualifies as a "debt collector" under the Act; and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA." *Id.* at 1216.

Also, attempts to collect such a secured debt, even made in connection with the enforcement of a security interest, nevertheless falls within the scope of the FDCPA. *Id.* at 1217-1218 (rejecting argument that debt secured by mortgage and actions taken related to foreclosure

are exempted from definition of a debt); *see also Birster v. Am. Home Mortgage Servicing, Inc.*, 481 F. App'x 579, 582 (11th Cir. 2012)(same); *Gburek v. Litton Loan Servicing LP*, 614 F.3d 380, 386 (7th Cir.2010) (letter threatening foreclosure while also offering to discuss foreclosure alternative is an attempt to collect a debt under FDCPA); *Wilson v. Draper & Goldberg,* PLLC, 443 F.3d 373, 376 (4th Cir.2006) ([The] debt remained a debt even after foreclosure proceedings commenced; *Piper v. Portnoff Law Assocs., Ltd.*, 396 F.3d 227, 234 (3d Cir.2005) (fact that collection letter threatening execution of a lien is an attempt to collect a debt.) There is no doubt that Fay is also a debt collector here.  That term is defined under the FDCPA as follows:

> The term debt collector means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

15 U.S.C. § 1692a(6).

Excluded from that definition is any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person.15 U.S.C. § 1692a(6)(F)(iii). Applying these terms to mortgage servicers follows the well-established rule articulated in *Perry v. Stewart Title Co.*, 756 F.2d 1197 (5th Cir.1985): [A] debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned. *Perry*, 756 F.2d at 1208; see also  *Bourff v. Rubin*

*Lublin, LLC*, 674 F.3d 1238, 1241 (11th Cir. 2012); *Belin v. Litton Loan Servicing, LP,* 2006 WL 1992410 (MD Fla. July 14, 2006).

In *Bourff,* the Eleventh Circuit held that allegations that BAC (a mortgage servicer) acquired the plaintiffs loan after the loan was in default adequately plead BAC's status as a debt collector under the FDCPA. <u>Bourff</u>, 674 F.3d 1238, 1241. Many other courts have held the same. See e.g. *McKinney v. Cadleway Properties, Inc.*, 548 F.3d 496, 501 (7th Cir. 2008) ("[T]he purchaser of a debt in default is a debt collector for purposes of the FDCPA even though it owns the debt and is collecting for itself."); *Wadlington v. Credit Acceptance Corp.,* 76 F.3d 103, 106 (6th Cir. 1996); *Hope v. BSI Fin., Inc.,* 2012 WL 5379177 (ND Ala. October 26, 2012)(Plaintiff sufficiently plead that servicer was a debt collector where he alleged that servicer acquired the loan after it was in default); *Eke v. FirstBank Florida,* 779 F. Supp. 2d 1354, 1357 (SD Fla. 2011)("Debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned."); *LaCosta v. McCalla Raymer, LLC,* 2011 WL 166902 (ND Ga. January 18, 2011) (Legislative history of FDCPA indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned.); *Foxx v. Fay Loan Servicing, LLC*, 2012 WL 2048252 (MD Fla. June 6, 2012)(same); *N. Star Capital Acquisitions, LLC v. Krig*, 611 F. Supp. 2d 1324, 1335-36 (MD Fla. 2009)("It is undisputed that North Star bought the debt of counterclaim Plaintiff after it had already become delinquent . . .. This fact alone would seem to establish North Star's status as a debt collector.").

Fay falls within the debt collector status in at least two ways. First, as stated above, it is undisputed that Fay's sole business is mortgage servicing, which, at its core, involves the collection

of a debt owed to a separate entity. Fay falls squarely within the definition of debt collector as any business. . .who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. 15 USC § 1692a(6). The second aspect to the definition that applies to Fay, in this case, is the interpretations described above which, when addressing mortgage servicing and the exception in (F)(III) (applying to debt transferred prior to default), hold that a mortgage servicer which is assigned servicing rights of a debt in default is covered under the Act.

In the case at bar, there is no doubt that when Fay assumed servicing the Driggers' Loan, it was considered in default. The key here is whether the creditor considers the loan in default, not whether it is in fact in default. *See, e.g.*, *Schlosser v. Fairbanks Capital Corp.,* 323 F.3d 534, 539 (7th Cir. 2003)(debt was in default at time of assignment if servicer treated debt as defaulted, regardless of whether it was actually in default). Moreover, when applying the term default, for purposes of the debt collector definition, courts first look to the underlying contract. *Prince v. NCO Fin. Servs., Inc.,* 346 F. Supp. 2d 744, 748 (ED Pa. 2004) (must first look to contract between creditor and debtor and any legal or regulatory authority); *Hartman v. Meridian Financial Services,* 191 F.Supp.2d 1031 (W.D.Wis. 2002) (relying on contractual provision stating default occurred when payment was missed); *Skerry v. Massachusetts Higher Education Assistance Corp.,* 73 F.Supp.2d 47 (D.Mass.1999) (referring to regulatory definition applicable to student loan). Here, there is no need to look beyond the contract because the note clearly defines default as the failure to make a payment when due **(Ex. 1 and Ex. 12 at p 6.)**.

It is undisputed that when Fay acquired the loan for servicing, it and considered the loan past due. Because, under the terms of the Exhibit 12, default had already occurred, Fay acquired the loan after default, and it is on that basis a debt collector.

## CONCLUSION

Because the undisputed facts establish that at all material times Fay was a debt collector engaged in the collection of debt with respect to the Driggers' Loan, and attempted collection of money that was not owed this Motion for Partial Summary Judgment as to the violation of the FDCPA is due to be granted.

                              */s/Earl P. Underwood, Jr.*
                              **EARL P. UNDERWOOD, JR.**
                              **Attorney for Plaintiff**

**OF COUNSEL:**
**UNDERWOOD & RIEMER, P.C.**
**21 S Section Street**
**Fairhope, Alabama 36532**
**Phone:   251.990.5558**
**Email: epunderwood@alalaw.com**

## CERTIFICATE OF SERVICE

I hereby certify that on October 13, 2020 the foregoing pleading was served upon all counsel of record CM/ECF filing system.

                              */s/Earl P. Underwood, Jr*
                              **Earl P. Underwood, Jr.**