IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES R. DRIGGERS,<br><br>    PLAINTIFF,<br><br>VS.<br><br>CALIBER HOME LOANS, INC., FAY SERVICING, LLC., and CITIBANK N.A. AS TRUSTEE FOR CMLTI ASSET TRUST,<br><br>    DEFENDANTS. | Case No.: 1:19-CV-00850-JB-B |

### PLAINTIFF'S REPLY BRIEF IN SUPPORT OF HIS MOTION FOR PARTIAL SUMMARY JUDGMENT

#### ARGUMENT

Defendant's Response Brief, which was untimely filed, fails to identify a single shred of record evidence to support its argument that it is not a debt collector for purposes of the FDCPA. Defendant's arguments flounder in the face of the undisputed facts. Fay's Response Brief reinforces the conclusion that the FDCPA is applicable here. There is no dispute that Fay treated Mr. Driggers loan as if it were in default. Thereafter, Fay also began to collect funds for property taxes that were not owing despite the mountain of evidence in its own file that Mr. Driggers was tax exempt.

In its opposition to Mr. Driggers Motion for Partial Summary Judgment, Fay does not cite a single case wherein a servicer in its position was not found to be a debt collector. Fay correctly states that the Fair Debt Collection Practices Act applies to the collection of debts that were in default at the time the debt was obtained and the undisputed facts are that Fay treated Mr. Driggers loan as if it were in default. Exhibit 4 (Doc. 60.4) Driggers' November 10, 2018 Statement, clearly

indicates that Fay considered Mr. Driggers loan to be in default. This is shown under the box entitled "Explanation of Amount Due".

| Explanation of Amount Due | |
|---|---|
| Principal | $95.95 |
| Interest | $367.13 |
| Escrow (for Taxes and/or Insurance) | $141.00 |
| Regular Monthly Payment | $604.08 |
| Overdue Payments | $604.08 |
| Total Fees Charges | $0.00 |
| Suspense (Unapplied Funds) | ($0.00) |
| Total Amount Due | $1,208.16 |

In addition, the very first entry on Fay's Notes and Memos indicates a "courtesy call" to Mr. Driggers and states the reason for the call was "delinquency." See Doc. 66-18 at the bottom of page 12. Under the undisputed facts, "the debt was considered to be in default[.]" *Shedd v. Wells Fargo Home Mortg., Inc.*, 2015 WL 6479537, at *13 (S.D. Ala. Oct. 26, 2015) "Consequently, the general rule excluding mortgage servicers would not apply[.]" See Also *Bardak v. Ocwen Loan Servicing, LLC*, 2020 WL 5104523, at *1 (M.D. Fla. Aug. 12, 2020) ("At the time Ocwen took over the servicing of the loan, it was 30 days past due and, thus, was considered to be in default.").

## CONCLUSION

For the reasons stated herein, in Plaintiff's opening Brief (Doc. 59), and his opposition to Fay's Summary Judgment Motion, (Doc. 66) Fay is a Debt Collector under the Fair Debt Collections Act.

                                        *s/Earl P. Underwood, Jr.*
                                         **EARL P. UNDERWOOD, JR.**
                                         *Attorney for Plaintiff James R. Driggers*

**OF COUNSEL:**
**UNDERWOOD & RIEMER, P.C.**
**21 South Section Street**
**Fairhope, Alabama 36532**
**Telephone:** 251.990.5558
**Facsimile:** 251.990.0626
**Email: epunderwood@alalaw.com**

## CERTIFICATE OF SERVICE

      I hereby certify that on December 2, 2020 the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

                                                */s/Earl P. Underwood, Jr*
                                                **Earl P. Underwood, Jr.**