IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISON

| | |
|---|---|
| JAMES R. DRIGGERS,<br><br>    Plaintiff,<br><br>vs.<br><br>CALIBER HOME LOANS, INC.,<br>FAY SERVICING, LLC, and<br>CITIBANK N.A. AS TRUSTEE FOR<br>CMLTI ASSET TRUST,<br><br>    Defendants. | Case No. 1:19-cv-00850-JB-B |

**Defendant Fay Servicing's Reply to Plaintiff's Response to its
Motion for Summary Judgment**

COMES NOW, Fay Servicing, LLC, and files this Reply to the Plaintiff's Response [Doc. 66] to its Motion for Summary Judgment [Doc. 59], respectfully showing this Honorable Court as follows:

**I.     Driggers does not supply evidence that Fay violated RESPA.**

RESPA requires Fay to respond to Driggers's Notices of Error (each an "NOE"). *See* 12 U.S.C. §2605(e)(1)(A), (e)(1)(B), and (e)(2). It was first alleged that there were three NOEs, but there is only evidence that one, the NOE dated February 27, 2019 [doc. 56-16], was ever actually delivered. This lone NOE is the focus of Driggers's response. Response, Doc. 66, pgs. 6-8.

1

Raising no issue as to the receipt or timeliness of Fay's response [doc. 56-14] to the NOE in question, Driggers attempts to establish a claim charging Fay's response did not "properly address" three issues raised in the NOE: (i) a perceived error in the November 2018 mortgage statement, (ii) a prospective increase in the monthly payment amount, and (iii) payment of "nonexistent property taxes." This interpretation of Fay's ninety-seven-page response is detached from reality. No reply is as effectively dispositive of this nonsense as a comparison of the two documents.

The opening paragraph of the NOE suggests a mistake in the November 2018 mortgage statement [Doc. 56-16, pg. 1]. In its response, Fay duplicates Driggers's inquiry, nearly verbatim, and follows that with a complete explanation of the issue under the "**ANSWER.**" Responses, Doc. 56-14, pg. 1. Fay goes on to dispel each of Driggers' misconceptions about the mortgage statement dated November 10, 2018, as there is no statement dated November 20, 2018 as the NOE incorrectly suggests. Fay's response also explains that the $635.00 is not actually a mortgage payment, but rather an escrow refund. It also explains that Driggers's payment of $604.08 was not received until November 14, 2018, after the statement at issue was sent, and that the payment was applied to satisfy the mortgage payment due November 1, 2018. The response also attaches and specifically cites copies of all supporting documentation, including a complete account analysis [Doc. 56-14, pg. 55] that supports the figures and dates provided. That Driggers would lead his defense with

the plainly false contention that Fay failed to give a proper response on this issue is indicative of the kind and quality of his overall position.

Fay's response also plainly provided a full explanation of the prospective payment increase and specifically its relation to the added expense of Forced Placed Insurance. Driggers concedes that Force Placed Insurance was necessary due to a lapse of his previous Forced Placed policy. Response, Doc. 66, pgs. 2-3, ¶¶10-11. On this issue Fay's response included a complete explanation, a full accounting showing the specific insurance disbursement on January 21, 2019 [Doc. 56-14, pg. 55], a full copy of the Forced Placed Insurance Policy [Doc. 56-14, pgs. 7-22], and multiple notices, previously delivered to Driggers, warning him about the lapse of his insurance and the potential for additional expense of Force Placed Insurance [doc. 56, pgs. 4-6 and 24-30]. Again, it is difficult to image how Fay's response could have been more responsive. Notably, Fay's response does not include treatment of "nonexistent property taxes," but only because that issue is not referenced at all in the NOE and not relevant to any of Fay's analysis of an issue actually stated therein.

Driggers's inability to understand the dispositive effect of the evidence presented or his displeasure with the fact that the circumstances do not yield an immediate windfall in his favor are not circumstances sufficient to generate a RESPA claim. *See e.g. Bates v. JPMorgan Chase Bank, N.A.*, 768 F. 3d 1126, 1133

(11th Cir. 2014) (2014)(Finding that servicer's response was sufficient where it provided reasons supporting its belief that the account was correct, regardless of whether borrower "was confused and/or unsatisfied with this answer"); *Chipka v. Bank of Am.*, 355 Fed. Appx 380, (11th Cir. 2009)(No RESPA violation occurred where servicer provided explanation of why borrower was incorrect about the account's history). Fay has obviously discharged its duties under RESPA. Fay's NOE response more than satisfies its RESPA obligations, so there is no genuine issue of material fact for trial. Fay is entitled to a judgment in its favor on Driggers's RESPA claim as a matter of law.

## II.  **Driggers does not supply evidence that Fay is a "debt collector" under the FDCPA.**

The FDCPA only applies to entities failing within its definition of "debt collector." Driggers MSJ Response, Doc. 66, pg. 8; *see also* 15 U.S.C. § 1692a(6). Driggers concedes that this crucial definition excludes anyone collecting a debt in their own name or a debt "which was not in default at the time it was obtained by such person." Response, doc. 66, pg. 10 (quoting 15 U.S.C. § 1692a(6)(f)). Despite having testified himself that his loan was not in default at the time Fay acquired its servicing rights [Doc. 56-6, pg. 7], despite Fay's agreement that the loan was not in default, despite Fay's accounting which proves that the loan was not in default [doc. 56-8, pg. 2], even despite his own bank statements [doc. 60-7, pg. 2] and Caliber's

4

accounting [doc. 60-6, pg. 2 and 60-11] confirming that the October 2018 payment was paid on October 9, 2018, and no past due balance was owed as of November 1, 2018, Driggers nonetheless attempts to create an issue of fact as to whether Fay "considered" the loan to be in default. Driggers MSJ Response, doc. 66, pg. 2, ¶6 and pg. 8. Just like his attempted RESPA argument, this contention is detached from reality and plainly false. Driggers could not possibly and does not actually have any concept of what Fay's considerations might be. More important for present considerations, Driggers offers no evidence to support his nonsensical theory.

Driggers argument provides that because the November 2018 mortgage statement [doc. 56-14, pgs. 51-52] shows the loan as past due in the amount of $604.08 it must be that Fay considered the loan unpaid for October 2018. Response, doc. 66, pg. 8. This is not a correct interpretation of statement in question. Driggers's mortgage payment is due on the first of the month, but Fay's NOE response [doc. 56-14, pg. 1] and Fay's servicing notes confirm Driggers made his November payment by phone on November 13, 2018 [doc. 56-15, pg. 11] and was registered to his account on November 14, 2018 [doc. 56-8, pg. 2]. The statement at issue is dated November 10, 2018, before the November payment was made. The statement says that as of November 10, $604.08 is past due because at the time the November 2018 payment had not been made. The statement says that the amount that will be due on December 1, 2018 is $1,208.16, because again at the time the statement was issued

5

(November 10) the November payment had not yet been made. Driggers's interpretation misses the nuance of timing entirely and assumes that the statement conveys a past due October payment. It does not. The two payments noted in the November 10, 2018 statement are for November and December 2018, not October and November 2018. This statement does not support Driggers's argument that Fay considered his loan past due for October 2018.

Driggers also suggests that because "the very first entry" in Fay's servicing notes references a "delinquency" [56-15, pg. 11], it must be that Fay considered the loan past due for October 2018. Again, this argument neglects to consider the date of the entry. This first entry was made on November 6, 2018. On that date Driggers account was delinquent for the November 2018 payment, which was due on the 1st, but not paid until the 13th. The "delinquency" referenced here is not October, but November 2018. This entry also does not support Driggers's argument that Fay considered his loan past due for October 2018.

Having come up empty in his two attempts to support his "consideration" argument, Driggers has no evidence tending to show that Fay meets the statutory definition of a "debt collector" under the circumstances presented. Driggers cannot prove that the FDCPA applies, so there is no genuine issue of material fact for trial and Fay is entitled to a judgment in its favor as a matter of law.

## **III.   There is no evidence that Citibank breached the terms of Driggers's mortgage.**

Driggers's claim for breach of contract against Fay and Citibank avers that the defendants violated the terms of the mortgage by (i) "failing to apply Plaintiff's payments correctly," and (ii) improperly "charging late fees and other default related charges." Amend. Compl., doc. 20, pg. 15, ¶110. Fay argued in its Motion for Summary Judgment that this claim fails as matter of law because there is no contract between the borrower, Driggers, and the mortgage servicer, Fay. MSJ, doc. 56, pgs. 13-14. Driggers made no response to this argument.

For its part in the Motion for Summary Judgment, Citibank argued that Driggers's possessed no evidence to support the averment that it had (i) misapplied payments or (ii) improperly charged late fees. *Id.* Driggers also did not respond to this argument.

Instead, Driggers's response attempts to avoid summary judgment on his claim of breach of contract by announcing a new form of breach, where he claims Citibank collected "amounts for escrow of nonexistent property taxes." Response, doc. 66, pgs. 11-12. The time for amendments to the pleadings has long been closed, and Driggers's attempt to avoid summary judgment by formulating a new breach claim is wholly improper. See *San Francisco Residence Club, Inc. v. Baswell-Guthrie*, 897 F. Supp. 2d 1122, 1200 (N.D. Ala. 2012)("A plaintiff may not introduce a new claim or theory—one not found in the complaint—in response to a

7

motion for summary judgment."); *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1313 (11th Cir.2004) (The "liberal pleading standard" mandated by Federal Rule of Civil Procedure 8 does not afford plaintiffs an opportunity to raise new claims at the summary judgment stage.) Driggers having failed to respond to the dispositive issues raised in the Motion for Summary Judgement, and further there being no evidence of a contract between Driggers and Fay and no evidence that Citibank misapplied any payment or charged an improper fee, both defendants are entitled to a judgment in their favor on this claim as a matter of law.

In the interest of complete disposition, it should also be noted that Driggers's new breach claim suffers the same fate as his prior claims: failure as a matter of law. Driggers openly concedes that the mortgage not only permits, but "requires the payment of 'Escrow Items' such as property taxes;" therefore, the action charged - collection of property tax escrow – fails to even state a claim for breach. Response, doc. 66, pg. 12 (citing Mortgage, doc. 56-14, pgs. 32-33, ¶3) Driggers attempts to elevate the circumstances by arguing, or at least implying, that Fay had knowledge that his property was tax exempt and nonetheless attempted to collect property tax escrow. Fay's knowledge or intent is not an element of a claim for breach of contract. Moreover, just like when he attempted to inject his own understanding of how Fay considered his loan in default, Driggers has no knowledge and no evidence to support his current contention of what Fay knew about his property tax issue or

when. To the extent that this claim relates to a failure by Caliber to inform Fay of Driggers's tax-exempt status, that claim has been settled and waived [doc. 56-9, filed under seal]. Further, Fay's servicing notes reflect that the Driggers first informed it of his tax-exempt status during a call on March 19, 2019 [doc. 56-15, pg. 8]. Fay's notes also show that it immediately researched the issue and confirmed, on or about March 28, 2019, that Driggers's property was, in fact, tax exempt. *Id.* Effective April 3 and 4, 2019, Fay engaged a series of account corrections to adjust Driggers's escrow account and cease any escrow activities related to property taxes. Fay Accounting, doc. 56-8, pg. 2. These adjustments notwithstanding, Driggers's escrow account still suffered a shortage, which resulted in a negative balance of -$335.58 after the disbursement on November 5, 2019 to pay his Forced Placed Hazard Insurance. *Id.*, pg. 1. This means that Driggers actually owed more in escrow than he had paid up to that point, notwithstanding his tax exemption. The accounting shows that escrow funds collected Fay were, in fact, owed and then some. Fay never disbursed any money for the payment of property taxes [doc. 56-8], and Fay's preemptive collection of property taxes actually resulted in a boon to Driggers' escrow account that was correctly applied by Fay to reduce the escrow shortage otherwise caused by Driggers's Forced Placed Insurance.

  As discussed above, Driggers is not permitted to reshape his breach claim solely to avoid summary judgment, but even if that were not the case Citibank would

still be entitled to summary judgment on this claim due to a lack of essential evidence that the terms of the mortgage were violated or that the circumstances resulted in any compensable harm to Driggers. In the absence of any genuine issue of material fact for trial and Fay is entitled to a judgment in its favor as a matter of law.

WHEREFORE, the premises considered, Fay and Citibank move the Court to enter summary judgment in their favor on the three remaining claims in this case.

Respectfully submitted on December 4, 2020.

    _s/ Timothy P. Pittman_____
Timothy P. Pittman (ASB-0075-I51P)
Amanda Becket
**RUBIN LUBLIN, LLC**
200 Clinton Avenue West, Suite 406
Huntsville, AL 35801
(678) 281-2972 (Telephone)
(404) 601-5095 (Facsimile)
tpittman@rubinlublin.com
abeckett@rubinlublin.com

*Attorneys for Citibank and Fay*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 4, 2020, a true and correct copy of the foregoing was served upon all parties as follows:

Earl P. Underwood, Jr.            via CM/ECF email
Kenneth J. Riemer
Underwood & Riemer, P.C.
21 S Section Street
Fairhope, Alabama 36532
epu@urlaw.onmicrosoft.com
kriemer01@gmail.com
*Attorney for Plaintiff*

                                       *s/ Timothy P. Pittman*_____
                                       Timothy P. Pittman (ASB-0075-I51P)